# BERKMAN HENOCH
## PETERSON PEDDY & FENCHEL, PC
### Attorneys at Law

Steven J. Peddy
Gary H. Friedenberg
Miriam R. Milgrom
Joseph E. Macy*
Rudolf J. Karvay
Robert A. Carruba
Gregory P. Peterson

Bruce J. Bergman
Vinson J. Friedman
Christina Jonathan
Stanley Mishkin
Donna A. Napolitano
Peter Sullivan

**COUNSEL**
David R. Kay
MaryBeth Malloy
Terence E. Smolev, P.C.

James E. Durso
Daniel J. Evers
Michael Fufidio
Adam S. Kalb
Pesia M. Kinraich

Megan K. McNamara
Randy S. Nissan
Novica Petrovski
Hillary Prada
Eileen M. Ryan
Randy Schaefer
Rajdai Singh
Nicholas Tuffarelli
Christopher F. Ulto
Martin E. Valk

100 Garden City Plaza, Third Floor
Garden City, New York 11530

Telephone: (516) 222-6200
Facsimile: (516) 222-6209
Website: www.bhpp.com

September 11, 2020

<u>Via ECF</u>

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Jefferson Eames v. Dennis M. Brown, et al.
            Docket No.: 19 cv 6214 (JMA)(SIL)

Dear Honorable Judge Azrack:

    This office represents the defendants, Dennis M. Brown and the County of Suffolk in the within action. The parties have reached a settlement of this action. Together with this letter, we are filing the fully executed settlement agreement and respectfully request that the Court "So Order" the terms of the settlement.

    Thank you for your time and attention to this matter.

                              Very truly yours,

                              BERKMAN, HENOCH, PETERSON, PEDDY
                                & FENCHEL, P.C.

                        By: _____S/_____
                             Joseph E. Macy, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JEFFERSON EAMES, on behalf of himself and Others
similarly situated,

                                                 Plaintiffs,

     -against-

DENNIS M. BROWN, Individually, THE TOWN OF EAST
HAMPTON, THE COUNTY OF SUFFOLK, GM
FINANCIAL, JACQUELINE CAPUTI, Individually, THE
INCORPORATED VILLAGE OF WESTHAMPTON
BEACH and THE INCORPORATED VILLAGE OF
SOUTHAMPTON,

                                                 Defendants.
------------------------------------------------------------------- x

**19-cv-6214
(JMA)(SIL)**

**Settlement Agreement
and Order**

      **WHEREAS,** on or about November 15, 2016, Jefferson D. Eames ("Eames") was arrested by the East Hampton Town Police Department;

      **WHEREAS,** at the time of his arrest, Eames was the owner of a 2016 Chevrolet, VIN no.: 3GCUKTEC7GG212898 ("Vehicle");

      **WHEREAS,** at some time after such arrest the County of Suffolk took possession of the 2016 Chevrolet, and thereafter released it to GM Financial Corporation ("GM Financial") which possessed a security interest and/or lien upon the Vehicle;

      **WHEREAS,** on or about November 4, 2019, the Plaintiff, Jefferson Eames ("Plaintiff" or "Eames") commenced the within action ("Action") by filing a Class Action Complaint against Dennis M. Brown, The Town of East Hampton, The County of Suffolk ("County" or "Suffolk"), GM Financial, Jacqueline Caputi, The Incorporated Village of Westhampton Beach and The Incorporated Village of Southampton, alleging, *inter alia,* violations of his rights guaranteed under the United States Constitution, including his substantive and procedural due process rights arising under 42 U.S.C. § 1983;

**WHEREAS,** as of the date of this Settlement Agreement Plaintiff has not moved for class certification and no class has been certified;

**WHEREAS,** Eames further alleges that the retention and release of the Vehicle to GM Financial has caused Eames monetary damages in excess of $100,000.00 and continuing injuries to his credit rating;

**WHEREAS,** the County of Suffolk, Dennis M. Brown and Jacqueline Caputi are collectively referred to herein as the "County Defendants;"

**WHEREAS,** Dennis M. Brown and Jacqueline Caputi are referred to herein as the "Individual County Defendants;"

**WHEREAS,** Dennis M. Brown and Jacqueline Caputi have appeared in the within Action and served their Answer denying the allegations set forth in the Complaint and asserting a Cross-Claim against Defendant GM Financial;

**WHEREAS,** the County of Suffolk has appeared in the within Action; and

**WHEREAS,** Eames and the County Defendants wish to resolve all issues relating to each of them in this Action to provide for the full and final settlement of claims asserted therein.

**NOW, THEREFORE,** in consideration of the mutual promises and undertakings set forth herein, the receipt and sufficiency of which is hereby acknowledged, it is stipulated and agreed, by and between Eames and the County Defendants as follows:

**Monetary Consideration:**

1.1     For and on behalf of each of the County Defendants, the County agrees to pay to and Eames agrees to accept, in full, final and complete settlement and satisfaction of all claims by and between them, whether known or unknown, existing or contingent, the sum of twenty thousand dollars and zero/00 cents ($20,000.00), which sum shall be inclusive of all attorney's

fees which might otherwise be recoverable by Eames (the "Settlement Monies").

    1.2 Within ninety (90) days of the execution of this Settlement Agreement, Suffolk County, on behalf of the County and the Individual County Defendants, shall deliver to Eames's Counsel, Campanelli & Associates, P.C., the sum of eighteen thousand five hundred forty-five dollars and zero/00 cents ($18,545.00) from the Settlement Monies payable to "Campanelli & Associates, P.C., as Attorneys." The remaining balance of the Settlement Monies in the amount of one thousand four hundred fifty-five dollars and zero/00 cents ($1,455.00) shall be paid by the County to the New York State Child Support Processing Center, Account No.: BY11908G1, P.O. Box 15363, Albany, New York in satisfaction of that certain lien filed with the Suffolk County Office of Child Support Enforcement with respect to Docket No. F0597517

**Time of the Essence**

    2.1    The Parties agree that time is of the essence and that the actions that are necessary to finalize the settlement contemplated by this Settlement Agreement must occur within the time frames provided.

**Releases**

**A.  County Release**

    3.1    Upon execution of this Settlement Agreement and the full payment by the County of the Settlement Monies in paragraphs 1.1 and 1.2 of this Settlement Agreement, Eames hereby releases and forever discharges the County Defendants and their elected officials, administrators, members, employees, officers, shareholders, successors and assigns (collectively " County Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever,

in law or equity, which against Releasees, Eames and/or his heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Settlement Agreement.

### B.   Village and Town Release

3.2     Upon execution of this Settlement Agreement and the full payment by the County of the Settlement Monies in paragraphs 1.1 and 1.2 of this Settlement Agreement, Eames hereby releases and forever discharges Defendants the Town of East Hampton, the Incorporated Village of Westhampton Beach, and the Incorporated Village of Southampton and their elected officials, administrators, members, employees, officers, shareholders, successors and assigns (collectively "Village and Town Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity which against the Village and Town Defendants, Eames and/or his heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Settlement Agreement, *except for* any claims of Mr. Eames, which are the subject of a separate action which is pending in the United States District Court, Eastern District of New York, under the following caption and docket or index number: *Eames v. Town of East Hampton, et al.- Index No. 15-cv-5539*.

This Release *does not include*, and shall not be deemed to include, the claims Plaintiff has set forth in *Eames v Town of East Hampton, et al,* Index No. 15 cv 5539 currently pending in the District Court for the Eastern District of New York.

4

**Discontinuance**

4.1 Upon execution of this Settlement Agreement and at such time as it is "so-ordered" by the Court, this action together with the cross-claim filed by the Individual County Defendants against GM Financial shall be withdrawn and discontinued with prejudice.

**Notices**

5.1 All notices required by this Settlement Agreement shall be served by First Class Mail and Electronic Mail (email) in the following manner:

<u>If to Eames:</u>

c/o Andrew J. Campanelli, Esq.
Campanelli & Associates, P.C.
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
ajc@campanellipc.com

<u>If to any of the County Defendants</u>

c/o Joseph E. Macy, Esq.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
100 Garden City Plaza
Garden City, New York 11530
j.macy@bhpp.com


With a copy served via overnight mail to:

County Attorney, Suffolk County
P.O. Box 6100
H. Lee Dennison Building
Hauppauge, New York 11788

<u>If to the Town of East Hampton, the Incorporated Village of Westhampton Beach, and the Incorporated Village of Southampton</u>

c/o Felicia Gross, Esq.
Devitt Spellman Barrett, LLP
50 Route 111, Suite 314
Smithtown, New York 11787

5

**Voluntary and Informed Consent; Authority**

6.1    Each party to this Settlement Agreement represents and warrants that no promise or inducement to enter into this Settlement Agreement has been offered, except as herein set forth, and that this Settlement Agreement is executed by each party without relying upon any statement or representation by any other party or its representatives, including, but not limited to, any representations concerning the nature and extent of any injury, damages or legal liability.

**Joint Drafting**

7.1    The Parties to this Settlement Agreement acknowledge and agree that they have jointly participated in the drafting and preparation of this Settlement Agreement, and that the language in this Settlement Agreement shall be construed as a whole according to its fair meaning and without any inference as to the draftsman.

**Entire Agreement**

8.1    This Settlement Agreement contains the entire agreement of the Parties with respect to the subject-matter hereof and supersedes all prior and contemporaneous oral and written agreements, discussions and statements. No supplement, modification, waiver or termination of this Settlement Agreement shall be binding unless executed in writing by the party or parties to be bound thereby. No waiver of any of the provisions of this Settlement Agreement shall be deemed to constitute a waiver of any other provisions hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

**Severability; Headings**

9.1    If any paragraph of this Settlement Agreement of any portion thereof shall be held to be invalid, illegal or unenforceable, the validity, legality or enforceability of the remainder of this settlement Agreement shall not in any way be affected or impaired.   Headings used herein are for reference only.

**No Admission**

10.1   Whether or not this Settlement Agreement become effective due to the failure of Suffolk County to comply with the requirements of sections 1.1 and/or 1.2 hereof, nothing set forth or contained herein nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall be construed as, or be deemed to be, or be offered by a Party in any action or proceeding of any kind as, evidence of an admission or concession on the part of any Party of any fact, claim of damage, or issue of liability or wrongdoing or of any violation of any federal, state or local statute, law, rule, regulation or principle of common law or equity. Additionally, the Parties agree that nothing in this Settlement Agreement may be used by them in any proceeding of any kind for any purpose of any kind, except to enforce its terms. Rather, this Settlement Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this Agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainties of further litigation.

**Counterparts**

10.1   This settlement Agreement may be executed in counterparts with facsimile or electronic signatures being deemed as valid as originals, which shall together be deemed to constitute one Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date set forth herein.

| | |
|---|---|
| *For Plaintiff, Jefferson Eames* | *For Defendant, County of Suffolk* |
| *[signature]*<br>Jefferson Eames | *[signature]*<br>Drew W. Schirmer, Esq.<br>c/o Suffolk County Attorney<br>P.O. Box 6100<br>100 Veterans Memorial Highway<br>Hauppauge, New York 11788<br>drew.schirmer@suffolkcountyny.gov |
| *[signature]*<br>Andrew J. Campanelli, Esq.<br><br>Attorney for Plaintiff, Jefferson Eames<br>Campanelli & Associates, P.C.<br>1757 Merrick Avenue, Suite 204<br>Merrick, New York 11566<br>ajc@campanellipc.com | |
| *For Individual Defendants, Dennis M. Brown and Jacqueline Caputi* | *For Defendants The Incorporated Villages of East Hampton, Westhampton Beach and Southampton* |
| *[signature]*<br>Joseph E. Macy, Esq.<br>Berkman Henoch, Peterson, Peddy & Fenchel, P.C.<br>*Special Counsel to the County of Suffolk*<br>100 Garden City Plaza<br>Garden City, New York 11530<br>j.macy@bhpp.com | Felicia Gross, Esq.<br>Devitt Spellman Barrett LLP<br>50 Route 111<br>Ste. Third Floor<br>Smithtown, New York 11787<br>f.gross@devittspellmanlaw.com |

So Ordered:

_____
Hon. Joan M. Azrack, U.S.D.J.

8

*For Plaintiff, Jefferson Eames*

_____
Jefferson Eames

_____
Andrew J. Campanelli, Esq.

Attorney for Plaintiff, Jefferson Eames
Campanelli & Associates, P.C.
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
ajc@campanellipc.com

*For Defendant, County of Suffolk*

*/s/ Drew W. Schirmer*
Drew W. Schirmer, Esq.
c/o Suffolk County Attorney
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, New York 11788
drew.schirmer@suffolkcountyny.gov

*For Individual Defendants, Dennis M. Brown and Jacqueline Caputi*

*/s/ Joseph E. Macy*
Joseph E. Macy, Esq.
Berkman Henoch, Peterson, Peddy & Fenchel, P.C.
*Special Counsel to the County of Suffolk*
100 Garden City Plaza
Garden City, New York 11530
j.macy@bhpp.com

*For Defendants The Incorporated Villages of East Hampton, Westhampton Beach and Southampton*

*/s/* ~~Felicia Gross, Esq.~~ Jaclyn L. DarCark, Esq.
Devitt Spellman Barrett LLP
50 Route 111
Ste. Third Floor
Smithtown, New York 11787
f.gross@devittspellmanlaw.com

So Ordered:

_____
Hon. Joan M. Azrack, U.S.D.J.

8

| | |
|---|---|
| *For Plaintiff, Jefferson Eames* | *For Defendant, County of Suffolk* |
| _____ | *[signed] Drew W. Schirmer* |
| Jefferson Eames | Drew W. Schirmer, Esq. |
| | c/o Suffolk County Attorney |
| _____ | P.O. Box 6100 |
| Andrew J. Campanelli, Esq. | 100 Veterans Memorial Highway |
| | Hauppauge, New York 11788 |
| Attorney for Plaintiff, Jefferson Eames | drew.schirmer@suffolkcountyny.gov |
| Campanelli & Associates, P.C. | |
| 1757 Merrick Avenue, Suite 204 | |
| Merrick, New York 11566 | |
| ajc@campanellipc.com | |
| | |
| *For Individual Defendants, Dennis M. Brown and Jacqueline Caputi* | *For Defendants The Incorporated Villages of East Hampton, Westhampton Beach and Southampton* |
| *[signed] Joseph E. Macy* | _____ |
| Joseph E. Macy, Esq. | Felicia Gross, Esq. |
| Berkman Henoch, Peterson, Peddy & Fenchel, P.C. | Devitt Spellman Barrett LLP |
| *Special Counsel to the County of Suffolk* | 50 Route 111 |
| 100 Garden City Plaza | Ste. Third Floor |
| Garden City, New York 11530 | Smithtown, New York 11787 |
| j.macy@bhpp.com | f.gross@devittspellmanlaw.com |

So Ordered:

_____
Hon. Joan M. Azrack, U.S.D.J.

8